BAILES, Judge.
This is an action whereby the plaintiff is seeking to recover from the defendant the sum of $14,000 representing the balance due on an alleged loan of money made by her to defendant’s deceased husband, S. E. Fogg, who was the brother of plaintiff. The plaintiff appeals from the judgment of the trial court sustaining an exception of prescription of three years under the provisions of LSA-C.C. Article 3538.
In her petition the plaintiff alleged she loaned to her brother $19,000 on January 14, 1952; from this time he made various payments on this indebtedness, the last of which was on November 17, 1963, in the amount of $2,000; and her brother died on November 26, 1963. She further alleged the defendant accepted his succession and was placed in possession of his estate as his sole and only heir at law, and thereby became personally obligated to pay the debt owed to her.
In answer to interrogatories propounded by the defendant as to the date of the payment next prior to November 17, 1963, and as to her possession of any written acknowledgment of the alleged indebtedness, the plaintiff stated the last payment on this loan prior to November 17, 1963, was a money order in the amount of $50 on March 28, 1958. Also, she denied the existence of any writing evidencing the alleged indebtedness.
The defendant filed an exception of prescription based on the three year provision of LSA-C.C. Article 3538, and alternatively, the five year period provided for in Article 3540.
*679 On the trial of this exception, plaintiff had issued a subpoena duces tecum to the defendant for the production of the check S. E. Fogg gave to plaintiff on November 17, 1963, in the amount of $2,000, the check book stub and copy of any writings which evidence the existence of the debt. In answer to this subpoena, defendant produced the cancelled check and the check book stub. She declared she had no writing or knowledge of the alleged debt. The cancelled check is before us in the record. It has no notation or explanation of the purpose of the payment, and the check book stub is entirely blank.
The record reflects the following facts:
The plaintiff loaned her brother $19,-000 on January 14, 19S2, for the implied purpose of furnishing him the funds with which to repay a shortage due his employer to prevent criminal prosecution; there was an agreement between the plaintiff and her brother to repay her as soon as he secured another job; within a short time repayment of the loan commenced and continued until March, 1958; and during this time he repaid a total of $2,900. Plaintiff testified she lost contact with her brother from March, 1958, until about May, 1963, except for one meeting with him in 1959 at the funeral of their brother-in-law. She further testified her brother gave her the $2,000 check at their father’s funeral. When she attempted to testify to what he promised to do in the future in the payment of the balance due her the defendant objected on the ground that such parol testimony is not admissible under the prohibition provided in LSA-C.C. Article 2278.
Plaintiff contends the trial judge erred in holding the obligation sued on was prescribed under the provisions of LSA-C.C. Article 3538; in holding parol evidence could not be introduced to show the renunciation of prescription, if accrued; and finally, in holding prescription, if it had run, had not been renounced.
In her brief, plaintiff urges the claim is valid for the following reasons:
“1. The remittance which was made by the plaintiff to the deceased was of such a nature and was made under such conditions that it was in fact a quasi contract, and that it is prescribed by ten years under the provisions of Louisiana Civil Code, Article 3544.
“2. In the alternative, even if Your Honors hold that the indebtedness was subject to the prescription of three years under Article 3538, that prescription was renounced and a new obligation was created by the payment of the Two Thousand and no/100 Dollars ($2,000.00) in November, 1963, under the circumstances under which payment was made and together with a new promise to pay.”
Plaintiff relies on and cites to us LSA-C.C. Articles 2292, 2293 and 2294 to support her contention the obligation of her deceased brother was a quasi-contract, and the case of Succession of Savant (1931) 15 La.App. 396, 132 So. 263. In this cited case, there was no promise to repay the money advanced to the deceased. She stood in a relationship of foster mother to the wife of claimant. This money advanced to the decedent was sent voluntarily.
In the instant case, the plaintiff did not voluntarily advance the money to her brother. He requested her to loan him this money, and there was a definite promise to repay at a definite time — “as soon as he got a job.” The plaintiff has denominated the transaction a loan in her petition. In Article 2 she stated “Petitioner loaned to and advanced to S. E. Fogg * * *. This loan was made * * *.” In Article 3, “S. E. Fogg made various payment on this indebtedness * * *.” It is clear to us that at its inception this obligation was not contracted without any agreement. The obligor promised to re *680 pay as soon as he got a job, and apparently did fulfill to a certain extent and for a certain period of time the promise he made to his sister. Plaintiff testified that she had lost contact with Mr. Fogg between March, 1958 and May, 1963, except for one meeting. She said she inquired of her sisters who lived in Memphis, Tennessee, as to his whereabouts, but was never able to locate him. The inference is quite plain that she was trying to locate him to at least encourage him to repay the indebtedness. The facts surrounding this transaction will not meet the test of LSA-C.C. Article 2294, which in part provides :
“All acts, from which there results an obligation without any agreement, in the manner expressed in the pre-ceeding article, form quasi contracts. * * *»
Discussing now the alternate contention of the plaintiff relative to the prescription of three years under LSA-C.C. Article 3538, its renunciation and the creation of a new obligation, we find the plain and unequivocal language of LSA-C.C. Article 2278 prohibits the introduction of parol evidence “[t]o prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed.” The plaintiff produced no writing of her brother renouncing the accrued three year prescription, or evidencing a new obligation to pay. Without this, the plaintiff cannot prevail.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.